UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>CHARLES D. AUSTIN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>MDD_CDAChambers@mdd.uscourts.gov |

December 19, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *Priscilla R. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
     Civil No. 23-461-CDA

Dear Counsel:

On February 21, 2023, Plaintiff Priscilla R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. The case was referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 15, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on November 13, 2019, alleging a disability onset of August 10, 2017. Tr. 155–61. Plaintiff's claim was denied initially and on reconsideration. Tr. 89–93, 97–101. On May 2, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33–63. Following the hearing, on August 22, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 12–32. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of

---

[1] 42 U.S.C. §§ 301 et seq.

disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since August 10, 2017, the alleged onset date." Tr. 17. At step two, the ALJ found that Plaintiff suffered from several severe impairments, including a hernia, a fracture of the left lower extremity, status post bilateral knee replacement, and obesity. *Id.* The ALJ also found that Plaintiff suffered from non-severe depression. *Id.* At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to standing or walking for two hours in an eight-hour workday. The claimant is limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing.

Tr. 21. The ALJ determined that Plaintiff could perform past relevant work as a real estate clerk (DOT[2] #219.362-046). Tr. 26. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Priscilla R. v. Kijakazi*
Civil No. 23-461-CDA
December 19, 2023
Page 3

**IV.     ANALYSIS**

Plaintiff argues that the ALJ's decision lacked the support of substantial evidence for several reasons.  Specifically, Plaintiff contends that the ALJ: (1) improperly rejected the opinions of sources who opined on Plaintiff's capacity for lifting, bending, stooping, squatting, crouching, standing, and walking; (2) improperly rejected the opinion of two physicians who opined that Plaintiff was limited to "no more than occasional fingering"; (3) mischaracterized the type and extent of the activities that Plaintiff could perform; and (4) conducted an insufficient development of the record at step four with respect to selecting a DOT classification that corresponded to Plaintiff's past relevant work.  ECF 12, at 7–15.  Defendant counters that: (1) the ALJ properly evaluated medical source opinions "in light of all other evidence of record"; (2) the ALJ properly considered Plaintiff's "childcare responsibilities and other activities" in reaching their decision; and (3) the ALJ properly characterized Plaintiff's past relevant work as that of a "real estate clerk" even though this job title was not "a precise match" with Plaintiff's actual previous position.  ECF 15, at 5–15.

For the reasons explained below, the Court agrees with Plaintiff that the ALJ improperly rejected certain opined limitations in evaluating the RFC.  A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 404.1545(a)(1).  In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Pursuant to Social Security Ruling ("SSR") 96-8P, an RFC assessment must address a claimant's ability to perform the physical functions set forth at 20 C.F.R. § 404.1545(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work."  20 C.F.R. § 404.1545(b); *see* SSR 96-8P, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable.  *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (holding that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'") (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  *Dowling*, 986 F.3d at 387 (alteration in original) (citation omitted).  Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, the ALJ considered the medical opinions of Drs. A.R. Totoonchie and C. Pio Roda in assessing the RFC. Tr. 25.  Drs. Tootoonchie and Pio Roda opined that: (1) Plaintiff was limited to lifting at the "light" exertional level; (2) Plaintiff was "restricted to standing or walking for two hours in an eight-hour workday"; (3) Plaintiff was limited to occasional "balancing, stooping,

kneeling, crouching, crawling, and climbing"; and (4) Plaintiff "was limited to occasional fingering with the left upper extremity." *Id.* Drs. Totoonchie and Pio Roda "justified the fingering limitation by pointing to an observation of reduced left hand grip strength." *Id.* Although the ALJ noted that these findings were "somewhat consistent with [Plaintiff's] complicated medical history with repetitive surgeries," the ALJ found the suggested limitations "only partially persuasive." *Id.* As support for this determination, the ALJ reasoned that "Dr. Totoonchie and Dr. Pio Roda were not afforded the opportunity to consider [Plaintiff's] most recent treatment, which tends to capture stabilization of [her] conditions following surgeries." *Id.* The ALJ further observed that Drs. Totoonchie and Pio Roda "were not afforded the opportunity to consider [Plaintiff's] testimony . . . reflecting [her] ongoing activity as a primary care provider for young children, reflecting greater capabilities than initially assessed." *Id.* Accordingly, the ALJ crafted an RFC that limited Plaintiff to "standing or walking for two hours in an eight-hour workday" and to "occasional[ly] balancing, stooping, kneeling, crouching, crawling, and climbing." Tr. 21. However, the RFC contained no fingering limitations. *See id.*

The Court agrees with Plaintiff that the ALJ's rejection of the fingering limitation suggested by Drs. Totoonchie and Pio Roda amounted to error. As support for rejecting this limitation, the ALJ reasoned that Drs. Totoonchie and Pio Roda were unfamiliar with the "stabilization" of Plaintiff's conditions following surgery. Tr. 25. However, the ALJ did not specify the condition or surgery to which they meant to refer. *See id.* The record contains references to three carpal tunnel surgeries: one performed on each hand in July 2019, and another performed on Plaintiff's right hand in July 2020. Tr. 639. But the ALJ's decision contains no reference to these surgeries, to carpal tunnel syndrome generally, or to any other surgery involving Plaintiff's hands or fingers. Consequently, the ALJ's decision also lacks references to treatment following any such surgery that may have alleviated Plaintiff's fingering difficulties.

The ALJ *did* note that, in 2019, Plaintiff suffered an "acute fracture of the fifth metacarpal" that was "addressed with splinting." Tr. 23. However, the decision contains no indication that this injury resulted in surgery. To the extent that the ALJ intended to refer to the stabilization of Plaintiff's metacarpal injury after treatment as a basis for rejecting left-hand fingering limitations, the record contains unresolved discrepancies concerning this issue. The ALJ observed that Plaintiff regained "intact sensation, strength, and range of motion" two months after her July 2019 metacarpal injury. Tr. 23 (citing Exhibit 5F). However, the ALJ failed to reconcile these findings with other evidence—specifically, an examination conducted in August 2020 that showed Plaintiff's "[f]ine and gross manipulative abilities" to be "not grossly normal." Tr. 71. The ALJ also failed to reconcile the alleged stabilization of Plaintiff's metacarpal injury with Plaintiff's hearing testimony regarding her inability to type or hold a phone in her left hand because the "fingers on [her] left hand are numb." Tr. 56. For these reasons, the ALJ failed to build an "accurate and logical bridge" between the evidence and their conclusion that the stabilization of Plaintiff's conditions warranted lesser limitations than those opined by Drs. Totoonchie and Pio Roda. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The ALJ's reliance on Plaintiff's "testimony reflecting [her] ongoing activity as a primary care provider for young children" as a basis for rejecting a left-hand fingering limitation is

similarly problematic. Tr. 25. To be sure, the ALJ found Plaintiff's "active role in the care of the children in her custody" to belie the lifting limitations opined by several medical sources because Plaintiff "does lift the children in order to change their diapers." Tr. 22, 24, 26. But the ALJ made no finding as to how these activities implicate more-than-occasional fingering with Plaintiff's left hand, and the record is similarly silent on this issue. Indeed, the ALJ's lack of analysis renders unclear the basis for the conclusion that "occasional balancing, stooping, kneeling, crouching, crawling, and climbing" were each compatible with Plaintiff's daily activities, Tr. 21, whereas occasional fingering with the left hand was not, Tr. 25. Therefore, the ALJ's decision lacks an "accurate and logical bridge" linking the evidence to this conclusion, which renders the decision unsupported by substantial evidence. *Woods*, 888 F.3d at 694.

Remand is necessary because the ALJ's erroneous rejection of a left-hand fingering limitation was consequential at step four. During the hearing, the vocational expert testified that a limitation to occasional left-hand fingering would preclude Plaintiff from performing past relevant work. Tr. 60. Accordingly, the ALJ's proper evaluation of the fingering limitation proffered by Drs. Totoonchie and Pio Roda is essential to the ultimate disability determination in this case.

Because the case is being remanded on other grounds, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and to adjust the decision accordingly. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.  CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge