**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>CHARLES D. AUSTIN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>TELEPHONE (410) 962-7810<br>MDD_CDAChambers@mdd.uscourts.gov |

May 21, 2025

LETTER TO ALL COUNSEL OF RECORD

RE:  *Priscilla R. v. Commissioner of Social Security Administration*
     Civil No.: 23-0461-CDA

Dear Counsel:

Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiff, through Counsel, Jason McCaul, filed a motion seeking payment of $ 7,289.21 in attorney's fees, based on 28.5 hours of attorney time at $243.13 per hour, and 3.6 hours of paralegal time at $100.00 per hour.  ECF No. 19, at 1; ECF No. 19-1, at 2.  The Commissioner opposes Plaintiff's motion requesting a reduction in fees to $5,616.12.  ECF No. 20, at 1.  Plaintiff filed a reply and requested "an additional 4.6 hours at $243.13 per hour" for preparing the reply, which brings the total fee requested to $8407.61. ECF No. 21, at 8. The undersigned has considered the relevant filings and finds that no hearing is necessary.  *See* Loc. R. 105. (D. Md. 2021).  For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $6,421.38 in fees.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).  To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment.  *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412).

Once it "determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'"  *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)).  Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked.  *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Id*. at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)).  Furthermore, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable.  *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Supreme Court explains that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434. Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Id*. Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the length of the administrative record, (3) the experience and skill of the attorney, and (4) the typical range of compensated hours in Social Security cases. *See Roth v. Comm'r, Soc. Sec.*, No. SAG-14-62, 2015 WL 567168, at *2-3 (D. Md. Feb. 10, 2015). Billing hours deemed reasonable by courts in Social Security appeals often fall the range of twenty to forty hours. *See Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022).

Here, the Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA, nor does the Commissioner challenge the hourly rate proposed.[1] ECF No. 20, at 1. However, the Commissioner argues that Plaintiff's fee request is unreasonable as the billing entries include non-compensable and duplicative items, and it also requests that the time spent reviewing certified administrative record be reduced. *Id*. at 6-10. These issues will be addressed below.

The Commissioner first argues that multiple attorneys billed "for the receipt, review, and drafting of Plaintiff's substantive briefing and response, resulting in a degree of over-billing." *Id*. at 6. It requests that "time spent by Mr. McCaul on May 3, 2023 (0.5 hours)" for "[p]reliminary review of transcript – assign attorney writer" and "November 1, 2023 (0.3 hours)" for "[r]eview Defendant's brief (14 pages), assess for reply," or a total of 0.8 hours be reduced "as resulting in overbilling." *Id*. Plaintiff's counsel contends that "[n]othing in these two cursory reviews is duplicative, nor is anything particularly helpful to the drafting attorney beyond a quick note on the contents of the complaint" and reply as Mr. McCaul, the "principal attorney on this matter, is logically involved in this review to ensure that cases in his name are handled properly." ECF No. 21, at 7. The billing record shows Mr. Sehested was responsible for reviewing the case record and drafting both the opening brief and the reply. ECF No. 19-4, at 2-3. As principal attorney on this case, Mr. McCaul's two brief reviews before Mr. Sehested commenced the substantive work are not unreasonable. Therefore, the undersigned declines to reduce 0.8 hours of Mr. McCaul's time from the total attorney time.

Second, the Commissioner argues that 1.9 hours paralegal time spent on tasks that are related to their business process and client representation are non-compensable. ECF No. 20, at 8. This includes "0.6 hours for the processing of paperwork from the referring attorney," "0.4 hours to speak with the client regarding EAJA," "0.6 hours for "FDC contract and other rep documents prepared for Client completion" and 0.3 hours for the return of those documents." *Id*. "While the government need not pay for administrative matters related to the attorney-client relationship, *see Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) (finding drafting a firm engagement letter to be non-compensable), explaining to a client her rights under the EAJA" is compensable, *Martin v. Kijakazi*, 689 F. Supp. 3d 218, 227–28 (E.D. Va. 2023). Therefore, three

---

[1] The parties do not seem to dispute (1) that none of the issues presented in this case is particularly novel or complex; and (2) that the billing attorneys are skilled and experienced in in Social Security appeals. ECF No. 19-1 at 2; ECF No. 20, at 5,10; ECF No. 21, at 3,5.

out of the four entries of paralegal time, 1.5 hours in total, are non-compensable and will be reduced form the total paralegal time. Moreover, time spent to "combine, strip PDF/A, OCR and live bookmark federal court transcript" is non-compensable. *See*, *e.g.*, *Eric S. v. Comissioner, Soc. Sec. Admin*., No. 1:21-CV-000126-LTW, 2023 WL 11909783, at *3 (N.D. Ga. Sept. 14, 2023). Plaintiff's request will be further reduced by 1.1 hours of paralegal time purported for "[c]ombine, OCR, and live bookmark Federal Court transcript (1101 pages)."

Third, the Commissioner requests a total reduction of 5.3 hours in the time spent by Mr. Sehested on this case arguing because "Plaintiff's briefing raises no novel questions, and the underlying issues required limited factual development." ECF No. 20, at 8-10. The Commissioner argues that 10.5 attorney hours Plaintiff's counsel spent on "review and note-taking of the administrative record" is excessive. ECF No. 20, at 9. The record of this case is 1,023 pages long, and about 730 pages are medical records. ECF No. 9. Citing studies of reading speed for adults, Plaintiff's counsel argues that 10.5 hours of record review "sits solidly within the 1-2 page per minute processing speed scientifically found reasonable for adults." ECF No. 21, at 4.

However, the Social Security Administrative Record is routinely produced electronically in Social Security appeal cases, and the electronic files filed in each case are normally organized, indexed, and labelled following a standard format. For example, the exhibit numbers for medical records usually begin with 1F, 2F, etc.; the exhibit numbers for documents concerning non-disability related development, such as earning records, usually begin with 1D, 2D, etc. ECF No. 9. Moreover, each set of records begins with a coversheet which includes a list of exhibits, and each exhibit has a number, a description (which also serves as a hyperlink to that exhibit), page range, and number of pages. *See*, *e.g*., ECF No. 9-8, at 1. Many administrative documents produced by the SSA follow a specific format, as do ALJ opinions, which normally include a five-step sequential evaluation process for determining whether an individual is disabled. Most, if not all, of the files are searchable. Furthermore, the undersigned notes that about half of the medical record are hospital records from one provider, and many of the records for Plaintiff's visits are nearly similarly formatted containing nearly identical fields. ECF No. 9. Therefore, a legal professional ordinarily skilled in Social Security appeals can locate pertinent files or information without thoroughly reviewing every page of the entire record. *Martin v. Kijakazi*, 689 F. Supp. 3d at 230 (granting a reduction "reflecting one minute of compensation per four pages of the record" and noting that "[n]ot every page of the record requires a thorough review by counsel, and many require no more than a cursory glance"). Thus, the undersigned agrees with the Commissioner that a reduction of attorney hours related to record review is warranted and will reduce Plaintiff's request by 3.5 hours.

The Commissioner also seeks to reduce 5.8 hours Mr. Sehested billed for "[r]eview CAR, briefs, draft Plaintiff's reply brief" to 4.0 hours. ECF No. 20, at 10. Plaintiff's counsel clarifies that the entire 5.8 hours was not spent reviewing the record. Rather, the time entry describes the attorney "simultaneously engaged in tasks necessary to draft a reply brief." ECF No. 21, at 4. Based on this, the undersigned declines to further reduce Mr. Sehested's time. Plaintiff's counsel should take care to provide more accurate descriptions for their time entries; failure to do so may result in reduction based on apparent excessive, non-compensable, or duplicative time entries. *See Melissa B. v. Kijakazi*, Civ. No. 22-661-BAH, 2023 WL 2307146, at *2 (D. Md. Feb. 28, 2023)

(citing *League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist*., 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent.") and *CoStar Grp., Inc. v. LoopNet, Inc*., 106 F. Supp. 2d 780, 788 (D. Md. July 17, 2000) ("A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks.")).

Last, with respect to the time billed for the reply concerning the EAJA fee motion, the Plaintiff will be awarded 1.0 attorney hour. *See, e.g*., *April. J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *4 (D. Md. Sept. 2, 2022) (awarding one hour for time spent responding to the Commissioner's opposition concerning Plaintiff's EAJA fee motion).

With the above-noted reductions of attorney time and paralegal time, the result is a final award of $6,421.38 in total:

- 26.0 hours of attorney time ($243.13/hour):  $6,321.38
- 1.0 hours of paralegal time ($100.00/hour): $100.00

Despite this reduction, counsel is advised that EAJA petitions even in the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *Iris C. v. Kijakazi*, No. BAH-21-3183, 2023 WL 5629644, at *1 (D. Md. Aug. 31, 2023) (mentioning an award of $4,904.82 under EAJA); *Ellen C. v. Kijakazi*, No. SAG-22-1698, 2023 WL 4490457, at *1 (D. Md. July 12, 2023) (awarding $5,824.78); *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023) (quoting *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47 on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).

*Priscilla R. v. Commissioner of Social Security Administration*
Civil No.: 23-0461-CDA
May 21, 2025
Page 5

      For these reasons, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $6,421.38 in fees. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                            Sincerely,

                            /s/

                            Charles D. Austin
                            United States Magistrate Judge